UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MCP IP, LLC,**

    **Plaintiff,**

v.

    **Civil Action 2:21-cv-581**
    **Chief Judge Algenon L. Marbley**
    **Magistrate Judge Chelsey M. Vascura**

**.30-06 OUTDOORS, LLC,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, MCP IP, LLC, brings this action for patent and trademark infringement against Defendants, .30-06 Outdoors, LLC, and Daibow Inc. The Court entered default judgment against Defendants as to liability on August 18, 2022 (ECF No. 42) and as to damages on March 9, 2023 (ECF No. 62). This matter is before the Court on Plaintiff's Motion for Attorney's Fees, Expenses, and Costs. (ECF No. 65, 68.) For the following reasons, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED IN PART and DENIED IN PART**.

**I.    ATTORNEY'S FEES**

"Reasonable attorney fees" may be awarded to the prevailing party in a patent infringement case "in exceptional cases." 35 U.S.C. § 285. Having obtained a default judgment in its favor on most of its claims, Plaintiff is the prevailing party. *See*, *e.g.*, *CARSTAR Franchisor SPV LLC v. Collision Express of Ohio Inc.*, No. 2:19-CV-3282, 2020 WL 1956988, at *1 (S.D. Ohio Apr. 22, 2020). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing

law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Courts have found that a defendant's failure to defend is sufficient to render the case "exceptional" for purposes of awarding attorney's fees. *See*, *e.g.*, *Summit Indus. Supply, LLC v. Triple Crown Consulting, LLC*, No. 1:20-CV-385, 2021 WL 3033481, at *5 (S.D. Ohio July 19, 2021) (default judgment against patent infringement defendant made case exceptional under § 285); *Gillette Co. v. Save & Disc. LLC*, No. 1:15-CV-636, 2016 WL 3745764, at *4 (S.D. Ohio July 13, 2016) (construing identical language under trademark infringement statute, 15 U.S.C. § 1117, and finding the defendant's default rendered the case exceptional); *Spectrum Prod. LLC, v. Jie Gao, et al.,* No. CV-21-01407-PHX-DLR, 2023 WL 2665733, at *1 (D. Ariz. Mar. 28, 2023) (finding a patent infringement case to be exceptional under § 285 in part due to defendants' default); *Agio Int'l Co., Ltd. v. Zhejiang Longda Forge Co.*, No. 1:15-CV-00192-MR, 2023 WL 2339890, at *5 (W.D.N.C. Feb. 28, 2023) (same). Accordingly, the undersigned finds that Defendants' failure to appear in this action renders this case "exceptional" for the purposes of awarding attorney's fees under § 285.

In calculating the award of attorney's fees, the "primary concern" "is that the fee awarded be reasonable." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). That is, the award should be "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Id.* (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) and *Blum v. Stenson,* 465 U.S. 886, 897 (1984)). The starting point for the Court's analysis is to determine the fee applicant's "lodestar," which is "the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) and *Reed*, 179 F.3d at 471); *see also*

*Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) (applying the lodestar method to an award of attorney's fees under § 285).

The "reasonable hourly rate" is the "prevailing market rate in the relevant community." *Adcock-Ladd*, 227 F.3d at 350 (quoting *Blum*, 465 U.S. at 985). The "relevant community" is "the legal community within [the forum] court's territorial jurisdiction." *Id.* As such, the relevant community in this case is the Southern District of Ohio. The Court may also consider an attorney's own normal billing rates to help calculate a reasonable fee. *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995).

Plaintiff describes its attorneys' experience levels and submits the actual rates that were billed to Plaintiff by the firm of Foley & Lardner LLP for those attorneys' services over the period of February 2020 through January 2023. Namely, this case was staffed by Kadie Jelenchick, a partner with nearly 18 years' legal practice experience, who charged Plaintiff for a total of 124.6 hours at hourly rates ranging from $625.00–$697.50 (though at the time the Complaint in this case was filed, her published hourly rate was $780.00, and her currently published hourly rate is $1,000.00); Michelle Moran, senior counsel with approximately 14 years of legal practice experience, who charged Plaintiff for a total of 124.8 hours at hourly rates ranging from $475.00–589.50; Nicholas Zepnick, currently a partner but who appears to have been senior counsel at the time services were rendered to Plaintiff, with approximately 11 years of legal practice experience, who charged Plaintiff for a total of 24.5 hours at hourly rates ranging from $465.00–495.00; Garrett Bickford, an associate with approximately six years of legal practice experience, who charged Plaintiff for a total of 39.3 hours at hourly rates ranging from $330.00–350.00; and Elizabeth Shelton, a research librarian with 28 years of librarian

3

experience, who charged Plaintiff for a total of 1.0 hours at the hourly rate of $175.00. (Jelenchick Decl. ¶¶ 13–17, ECF No. 68–1.)

Although Plaintiff's counsel's billing rates may provide some evidence of the prevailing market rates for the Milwaukee, Wisconsin area, where all of Plaintiff's attorneys are based, their rates do not provide a basis for determining the prevailing market rate in the relevant community—the Southern District of Ohio. Nor has Plaintiff submitted any other evidence of the prevailing market rate in the Southern District of Ohio. The Court therefore turns to the Ohio State Bar Association's 2019 fee survey, which provides the hourly billing rates at various percentiles for attorneys with various years of experience in various practice areas. *See* The Ohio State Bar Association, *The Economics of Law Practice in Ohio in 2019*; *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007) (relying on an earlier version of the OSBA's fee survey as a "point of reference" in reviewing a district court's award of attorney's fees); *Morton v. O'Brien*, No. 2:18-CV-445, 2022 WL 1637725, at *4 (S.D. Ohio May 24, 2022) (relying in part on the OSBA's 2019 fee survey to determine the appropriate hourly rate); *Woodard v. O'Brien*, No. 2:18-CV-1523, 2022 WL 2256900, at *3 (S.D. Ohio June 23, 2022) (same).

Courts relying on the OSBA's fee survey have typically referenced the median hourly rates. However, as several years have passed since the data underlying this 2019 report was collected, the Court will instead reference the 75th percentile hourly rates to account for rate increases in the interim. The OSBA survey reflects that, at the 75th percentile, attorneys in Ohio firms with more than 50 attorneys charge an hourly rate of $475; partners in Ohio firms with more than 8 partners charge $425; attorneys in Ohio with both 11–15 and 16–25 years of experience charge $300, those with 6–10 years of experience charge $250, and those with 3–5 years of experience charge $245; attorneys in Downtown Columbus, Downtown Cincinnati, and

4

Dayton charge $270–375; and intellectually property lawyers in Ohio charge $420. Notably, intellectual property lawyers have the fourth-highest billing rate out of 33 practice areas.

In light of these points of reference, and in the absence of other evidence of the prevailing market rates, the undersigned finds that a downward adjustment to some of Plaintiff's counsel's billed rates is appropriate. Namely, Ms. Jelenchick's hourly rate will be reduced to $500, Ms. Moran's hourly rate will be reduced to $465, and Mr. Zepnick's hourly rate will be reduced to $450. Mr. Bickford's and Ms. Shelton's rates will be awarded as billed. Having reviewed Plaintiff's counsel's billing records, the undersigned finds the combined 314.2 hours expended in prosecuting the case to be reasonable. The lodestar amount is therefore $145,087.00.

But "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." *Hensley*, 461 U.S. at 434. The results obtained by counsel are another important consideration that may lead the Court to adjust the lodestar amount upward or downward. *Id.* "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.* Here, although Plaintiff prevailed on the majority of its claims (including patent infringement as to six patent families, trademark infringement, and a permanent injunction related to the trademark infringement), the Court denied its requested permanent injunction to enjoin Defendants from further patent infringement, and Plaintiff was awarded only $80,546.73 in damages—less than 50 percent of the $168,565.47 it sought. (ECF Nos. 42, 62.) In circumstances demonstrating only partial success, the Court may reduce the lodestar accordingly. *Hensley*, 461 U.S. at 436–37. "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436. The undersigned therefore finds it appropriate to reduce the lodestar amount by 25 percent, resulting in a recommended attorney fee award of $108,815.25.

## II. EXPENSES

Plaintiff also requests an award of $70,118.77 in litigation expenses. Other than noting that these expenses "consist[ ] largely of professional services provided by local counsel and [Plaintiff's] damages expert," Plaintiff submits no argument supporting the availability of an award of expenses in patent cases or supporting the reasonableness of the requested amount. (Mot. 5, ECF No. 68.) Indeed, beyond a monthly total of fees paid to its damages expert and local counsel (along with modest expenses associated with mailing, parking, travel, and meals), Plaintiff provides no explanation of how these fees were calculated or the services for which these fees were incurred.

As an initial matter, professional legal services rendered by Plaintiff's local counsel are not transformed into "expenses" merely because they were invoiced through Plaintiff's non-local counsel. To the extent Plaintiff wished to recoup attorney's fees paid to its local counsel, Plaintiff should have included those billing records with its request for attorney's fees so that the Court could evaluate their reasonableness. On this record, the undersigned is without grounds to award those fees and consequently recommends that the Court decline to award the $9,131.28 attributed to local counsel services.

The undersigned now considers Plaintiff's requested award of $60,230.59 in expert witness fees. 35 U.S.C. § 285, which authorizes an award of "attorney's fees" to a prevailing party in an exceptional patent case, does not authorize an award of expert witness fees. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 377 (Fed. Cir. 1994) (citing *West Virginia Univ. Hosps., Inc. v. Casey,* 499 U.S. 83 (1991) (superseded by statute as to 42 U.S.C. § 1988)). And although a court may exercise its inherent authority to award expert witness fees as a sanction in an appropriate case, *see id.* at 377, "not every case qualifying as 'exceptional' under section 285 will qualify for sanctions under the court's inherent power." *Id.* at 378.

6

Plaintiff has not provided any basis for finding an expert fee award is warranted here. To the extent Plaintiff contends that Defendants engaged in sanctionable misconduct, Plaintiff has already been appropriately compensated through the award of attorney's fees, which encompasses fees for additional efforts to obtain service over Daibow (rendered necessary by Daibow's misrepresentations to the Colorado Secretary of State) and responding to .30-06's alleged defamatory conduct (which .30-06 contends, and which Plaintiff does not dispute, was limited to publishing an inflammatory statement to a single individual who later deleted the statement at the request of Plaintiff's counsel). Further, the undersigned is unable to discern any way in which Defendants' alleged misconduct could have affected the amount of fees Plaintiff paid to its expert witness. Accordingly, Plaintiff is entitled only to the witness fees provided for by 28 U.S.C. §§ 1920(3) and 1821(b)—that is, $40 per day for each day's attendance at the February 22, 2023 damages hearing, and the days spent traveling to and from the hearing. *See Amsted*, 23 F.3d at 377. Although Plaintiff does not indicate whether its damages expert required additional days for travel, it appears the expert witness traveled to this District from Milwaukee, Wisconsin, and the undersigned therefore presumes that the expert witness traveled on the days before and after the damages hearing. The undersigned therefore recommends that Plaintiff be awarded expert witness fees in the amount of $120.00.

      Plaintiff's remaining expenses comprise "shipping/courier/messenger services," Westlaw charges, Pacer charges, document reproduction, and travel expenses totaling $1,357.18. These expenses incidental to the provision of legal services are encompassed within the meaning of "attorney's fees" under § 285. *See Maxwell v. Angel-Etts of California, Inc.*, 53 F. App'x 561, 569 (Fed. Cir. 2002) (citing *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed.

7

Cir. 1983)). The undersigned finds these expenses to be reasonable and recommends that the Court award Plaintiff its incidental expenses in the amount of $1,357.18.

### III. TAXABLE COSTS

Plaintiff also requests an award of taxable costs under 35 U.S.C. § 284, Federal Rule of Civil Procedure 54(d)(1), and S.D. Ohio Civ. R. 54.1. In accordance with this Court's local rules, Plaintiff has separately filed a Bill of Costs (ECF No. 66), which will be processed by the Clerk of Court as provided in S.D. Ohio Civ. R. 54.1. The undersigned accordingly makes no recommendation as to the taxation of costs.

### IV. DISPOSITION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Attorney's Fees, Expenses, and Costs. (ECF No. 65, 68) be **GRANTED IN PART and DENIED IN PART**. It is further **RECOMMENDED** that Plaintiff be awarded attorney's fees in the amount of $108,815.25, expert witness fees in the amount of $120.00, and incidental litigation expenses in the amount of $1,357.18.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              */s/ Chelsey M. Vascura*
                                              CHELSEY M. VASCURA
                                              UNITED STATES MAGISTRATE JUDGE